UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INFINITE SHAKIM ASIATIC ALLAH,

               Plaintiff,

        -against-

CITY OF NEW YORK, JEREMIAH AVILES,
JEREL CASTMA, MYKHAYLO BATSKY,
MITALY HAWLADER,

               Defendants.

26-CV-3883 (LTS)

ORDER TO DIRECTING
UPDATED ADDRESS

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se,* filed this action on May 11, 2026; Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number." Fed. R. Civ. P. 11(a). Upon opening this new action, the Clerk's Office docketed the court's March 18, 2024 Standing Order, directing all self-represented litigants to inform the court of each change of address or electronic contact information. *See In Re: Cases Filed By Pro Se Plaintiffs*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024) (ECF 3, "Standing Order").

Here, it appears that Plaintiff has not complied with Rule 11 and the Standing Order. The Court mailed the Standing Order to Plaintiff on May 13, 2026; thus, Plaintiff received notice of his obligation to keep his contact information current. Then, in an order dated May 19, 2026, the Court granted Plaintiff's request to proceed IFP. (*See* ECF 4, "IFP Order.") The IFP Order was

mailed to Plaintiff on May 21, 2026. However, unlike the Standing Order, on June 3, 2026, the IFP Order was returned to the Court.

## CONCLUSION

The Court therefore directs Plaintiff, within 30 days of the date of this order, to update the court, in writing, with his new address. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, by failing to provide the court with an updated address, the action will be dismissed without prejudice.

Plaintiff may also consent to receive court documents by email by completing a Consent to Electronic Service form.[1]

This order will be viewable on the court's electronic docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 18, 2026
         New York, New York

                                   /s/Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

---

[1] If Plaintiff consents to receive documents by email, Plaintiff will not receive court documents by regular mail.